# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re Steven Artstein, | ) | Chapter 7 |
| | ) | |
| Debtor, | ) | Case No. 09-22180 |
| | ) | |
| Prime LaSalle/Madison Partners, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 10-01051 |
| | ) | |
| Steven Artstein, | ) | |
| Defendant. | ) | Judge Jacqueline P. Cox |

**Memorandum Opinion**

This matter comes before the court after the trial of the adversary complaint ("Complaint") filed by Prime LaSalle Partners, LLC seeking to deny Debtor Steven Artstein ("Debtor") a discharge under 11 U.S.C. §§727(a)(2) and 727(a)(4).

The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on June 18, 2009. One of the debts he seeks to discharge is for liability to Prime LaSalle Partners, LLC in the amount of $ 77, 314 as noted in Debtor's Schedule F as an unsecured, nonpriority debt.

I.   Count I

Count I of the Complaint seeks denial of a Chapter 7 discharge on an allegation that Debtor, with intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under this title, transferred a 2003 Ford Escape Carryall motor vehicle within one year before the date of the filing of the petition, in violation of 11 U.S.C. § 727(a)(2)(A). The record herein indicates that the Debtor transferred title of the Ford Escape Carryall to his wife on September 25, 2008. Defendant's Rule 7056-1 Statement of Uncontested Facts, Adversary Proceeding No.10-1051, Dkt. No. 33, ¶ J, p.2. The Debtor's Answer admits each and every allegation of Paragraph 12 of the Complaint, the allegation regarding the transfer of the motor vehicle.

## II. Count II

Count II seeks denial of a Chapter 7 discharge on several grounds.

The first allegation of Count II states that the Debtor, knowingly and fraudulently, in connection with the case made a false oath by stating that he had transferred no property within two years prior to the date of the filing of his petition for bankruptcy relief in answer to item 10(a) of his Statement of Financial Affairs ("SOFA"), when he had transferred the Ford Escape Carryall to his wife within a year at a time when that vehicle was owned outright by the Debtor, free of any liens at the time of transfer. The Debtor admits the transfer in the Defendant's Rule 7056-1 Statement of Uncontested Facts, Adversary Proceeding No. 10-1051, Dkt. No. 33, ¶ K. p.2. The Debtor answered "none" to Item 10(a) which requires disclosure of information of other transfers as follows:

> a. List all other property, other than property transferred in the ordinary course of business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed). Statement of Financial Affairs ("SOFA"), Bankruptcy Case No. 09-22180, Dkt. No. 19.

The second part of Count II on which denial of a Chapter 7 discharge is sought alleges that while stating that he had transferred no property within ten years prior to the date of the filing of his petition for bankruptcy relief in answer to item 10(b) of his SOFA, the Debtor had transferred title of real estate located at 915 Huckleberry Lane, Northbrook, Illinois from himself and his wife as joint tenants to the Lee Ann W. Artstein Family Trust on August 29, 2006. The Debtor answered "none" to item 10(b) which requires the disclosure of information of other transfers as follows:

> b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary. SOFA, Bankruptcy Case No. 09-22180, Dkt. No. 19.

The Debtor's Answer to the Complaint ("Answer"), Dkt. No. 25, Adversary Proceeding No. 10-1051, does not deny that the August 29, 2006 transfer of real estate occurred. He admits in his Answer at ¶ 15(b) that the petition filed in 09B-22180 does not appear to have any information included in item 10(b) of the Statement of Financial Affairs. He further states that he provided all information necessary for his petition to his prior counsel including information about the Arstein (sp.) Family Trust created August 29, 2006. His Answer also states that the intended beneficiary under the trust was his handicapped daughter, not himself and that he did not intend to defraud or hide information from any creditor. Adversary Proceeding No. 10-1051, Dkt. No. 25, ¶ 15(b).

Count II also requests denial of a Chapter 7 discharge due to the Debtor's failure to disclose contingent or unliquidated claims against third parties in response to item 21 on his Schedule B when he had two claims: 1) a case pending in the Circuit Court of Kane County, Illinois, Case No. 07 L 619, for defamation and tortious interference with contract and 2) a potential claim against Magna Principals, LLC jointly with Elizabeth Eastwood, his business partner, for, *inter alia*, breach of contract, professional negligence, breach of fiduciary duty and fraud. The Complaint references a draft complaint in Eastwood's bankruptcy case, Case No. 08-22479.

In Debtor's Answer at ¶15(c), he admits to stating that he had no contingent or unliquidated claims against any third parties in his response to item 21 on his Schedule B. *See* Schedule B, Bankruptcy Case No. 09-22180, Dkt. No.18, p. 4. Item 21 of Schedule B requires that the Debtor report:

> Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each.

His Answer indicates that he believed that the Kane County, Illinois defamation case had been settled without financial result when the Defendant therein agreed to cease slandering a business that the Debtor had once been involved in. The Debtor's Answer denies that the "potential" claim against Magna Principals, LLC is contingent or unliquidated and that at no time did he intend to defraud or hid information from any creditor.

The court notes that the Debtor asserts generally in his Answer, without specifically indicating what information he provided to his prior counsel, that he provided all information necessary for his petition for relief under chapter 7 to his prior counsel. Answer, Adversary Proceeding 10-1051, Dkt. No. 25 at ¶¶ 8, 9, 12, 15(a) and 15(b). The court also notes that the Debtor did not call his prior counsel to testify as to those assertions at the trial of this Adversary Proceeding and that the Debtor's trial testimony did not include specific information regarding this issue.

### III.   Applicable Authority

Pursuant to 11 U.S.C. § 727(a)(2) and (a)(4):

(a) The court shall grant the debtor a discharge, unless–
> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed–
>> (A) property of the debtor, within one year before the date of the filing of the petition; or
>> (B) property of the estate, after the date of the filing of the petition.

> (4) the debtor knowingly and fraudulently, in or in connection with the case—
> (A) made a false oath or account;

Exceptions to discharge are to be construed strictly against a creditor and liberally in favor of the debtor. *Stamat v. Neary*, 635 F.3d 974, 979 (7th Cir. 2011). To prevail on a claim pursuant to sections 727(a)(2) and 727(a)(4), a creditor must establish by a preponderance of the evidence, that the debtor intended to deceive creditors. *In re Rothermel*, 274 Fed. Appx. 486, 488 (7th Cir. 2008).

Several circuits have required a showing that: (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case. *Stamat v. Neary*, 635 F.3d 974, 979 (7th Cir. 2011) (quoting *The Cadle Company v. Duncan (In re Duncan)*, 562 F.3d 688, 695 (5th Cir. 2009)). The totality of a debtor's errors and omissions may be considered to determine whether there is fraudulent intent. *Stamat*, 635 F.3d at 982.

## IV.    Discussion

Viewing the totality of the evidence presented herein, construing exceptions to discharge strictly against the Plaintiff creditor as instructed by *In re Kontrick*, 295 F.3d 724, 736 (7th Cir. 2002) (quoting *In re Zarzynski*, 771 F.2d 304, 306 (7th Cir. 1985)), the court finds that the Plaintiff creditor has not met its burden of proof. As to the 2003 Ford vehicle the court notes that its transfer was close in time to when the Plaintiff's lawsuit against the Debtor was pending, however, the Plaintiff has not disputed the Debtor's testimony that he transferred the vehicle to his wife because it had always been her vehicle and that she used it exclusively. The court also notes that had the Debtor scheduled the vehicle as an asset he could have exempted it, at least in part, from the bankruptcy estate. The court gives credence to Debtor's testimony that he told his prior attorney about the vehicle and that the attorney should have scheduled it properly.

The court finds against the Plaintiff as to each allegation made against the Defendant in Count I.

Although the Debtor did not report the 2006 transfer of his home into a trust in his SOFA, the home was reported on the Debtor's Schedule D (Dkt. No. 1) and Schedule A (Dkt. No. 18). The existence of his home was not concealed. The court declines to find that the debtor intended to defraud his creditors. The bankruptcy forms required that he report it at more than one place; his failure to do so, however, does not amount to fraud or show that he knowingly concealed the home's existence. In addition, the property is in foreclosure, making it impossible to effectively conceal it from either the bankruptcy trustee or creditors. The court notes that a different creditor sought and was granted relief from the automatic stay as to the home. *See* Bankruptcy Case No.

09-22180, Dkts. No. 10 and 33.[1]

The Debtor's failure to report the claim which is represented by the Kane County litigation, a species of defamation of his business was resolved by the defendant therein taking down a blog that reported negative remarks about his business. The Debtor testified that he did not knowingly and falsely make a false oath in his failure to disclose the claim. He is believable. His business partner Ms. Eastwood handled legal matters for the business as her father, brother and sister are attorneys. The court also finds the Debtor's testimony that he told his prior attorney about the Kane County matter to be credible.

The court finds that Debtor's failure to disclose the claim regarding Magna was not knowing and fraudulent. He testified that he thought that Magna had gone out of business and that his business' claim for their failure to manage his business, pay its vendors and taxes, was not worth pursuing. The Debtor's bankruptcy trustee has decided to pursue that claim as an estate asset. However, when viewing the facts herein in their totality, the court finds that the Debtor did not knowingly and fraudulently make a false oath as to that claim.

The court rules in favor of the Defendant Steven Artstein on Counts I and II. Judgment is entered against the Plaintiff, Prime LaSalle/Madison Partners, LLC on all Counts and in favor of the Defendant, Steven Artstein on all Counts.

The Debtor's chapter 7 discharge shall be entered herein.

**Dated:**       **August 12, 2011**                              **ENTERED:**

                                                    J. P. Cox       *Jacqueline P. Cox*
                                                    _____
                                                    **Jacqueline P. Cox**
                                                    **United States Bankruptcy Judge**

---

[1] Under the 11 U.S.C. § 548 a trustee can bring a fraudulent transfer action as to transfers made within two years of the filing of the petition; the 2006 transfer was outside of this limitation. Under Illinois law a fraudulent transfer action has to be filed within four years of its making; the limitation therein would be August 29, 2010.